United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

JAMES LA VELL HARRIS,

Plaintiffs,

v.

LAKE COUNTY, *et al.*,

Defendants.

Case No. 15-cv-03117-NJV

**ORDER ON MOTION TO DISMISS**

Re: Dkt. No. 28

Before the court is the Motion to Dismiss Plaintiff's First Amended Complaint filed by E. Bussard, Lake County, and Lake County Sheriff's Department (collectively "County Defendants"). (Doc. 28). In response to the Motion, Plaintiff has filed a Motion to Amend (Doc. 33) and a Reply (Doc. 37). County Defendants, along with Defendants California Medical Forensic Service,[1] K. C. Grisby, and Alicia Stottsberry (collectively "CFMG Defendants") filed oppositions to the Motion to Amend.

The First Amended Complaint asserts twenty-two claims, all of which are titled "discrimination." All of these claims of discrimination are related to Plaintiff's incarceration at the Hill Road Correctional Facility in Lake County. County Defendants have moved to dismiss the First through Eighth claims for relief pursuant to Rule 12(b)(6) without leave to amend. For the reasons that follow the Motion to Dismiss is granted.

[1] Defendants informed the court that they were improperly named and served as California Medical Forensic Service, and that their actual name is California Forensic Medical Group. *See* Answer (Doc. 27).

## I. LEGAL STANDARD

The purpose of a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is to test the legal sufficiency of the claims stated in the complaint. A motion to dismiss may be brought under Rule 12(b)(6) when the plaintiff fails to state a claim upon which relief can be granted.

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). While Rule 8 "does not require 'detailed factual allegations,'" a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570, 127 S.Ct. 1955, 1955 (2007)). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Thus, in order to survive a motion to dismiss, the nonmoving party must allege facts that are "enough to raise a right to above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555.

Dismissal of a complaint can be based on either the lack of a cognizable legal theory or the lack of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990). In considering whether the complaint is sufficient to state a claim, the court will take all material allegations as true and construe them in the light most favorable to the plaintiff. *NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986).

## II. DISCUSSION

Plaintiff's First Amended Complaint is a shotgun pleading. That is, each claim is titled "discrimination" and each and every claim alleges that the discrimination was in violation of "Civil Code §§ 51, §51.7, §52, §52.(b), Plaintiff's rights as secured by Civil Code §1708, Title 42 U.S.C. §§1981, §1983, §1985(3), §1986, §2000bb-1, §2000cc-1, §2000d-1 and those of Plaintiff's rights as secured by the ADA and the First, Eighth and Fourteenth Amendment to the United States Constitution." The crux of Plaintiff's first eight claims of discrimination is that he was denied the use of marijuana for either, or both, medical and spiritual purposes while he was

incarcerated in the Hill Road Correction Facility from June 4, 2014, through January 16, 2015.[2] Defendants move for dismissal for failure to state a claim generally as to these first eight claims and specifically as to the statutory bases for the claims. For the purpose of clarity, the court will address Defendants' arguments regarding the statutory bases for each claim.

***A. Americans with Disabilities Act***

Defendants argue that Plaintiff cannot assert the first eight claims under the Americans with Disabilities Act because "[m]arijuana use, [] is not protected by the ADA in California even though state law authorizes medical marijuana as treatment for 'debilitating pain.'" Cnty. Def.'s Br. (Doc. 28) at 11 (citing *James v. City of Costa Mesa*, 700 F.3d 394, 397 (9th Cir. 2012)). Indeed, "[i]n *James v. City of Costa Mesa*, 700 F.3d 394, 397 (9th Cir. 2012), cert. denied, 133 S.Ct. 2396 (2013), our court of appeals found that medical marijuana use was not protected by the Americans with Disabilities Act." *Purple Heart Patient Ctr., Inc. v. Military Order of the Purple Heart of the United States of Am., Inc.*, No. C 13-00902 WHA, 2014 WL 572366, at *3 (N.D. Cal. Feb. 11, 2014). Accordingly, the first eight claims fail as a matter of law to the extent they are based on the ADA, and are dismissed without leave to amend.

***B. Religious Freedom and Restoration Act***

Plaintiff asserts violations of 42 U.S.C. § 2000bb, the Religious Freedom and Restoration Act ("RFRA"). "RFRA provides that '[g]overnment shall not substantially burden a person's exercise of religion even if the burden results from a rule of general applicability,' unless the government 'demonstrates that application of the burden to the person—(1) is in furtherance of a compelling governmental interest; and (2) is the least restrictive means of furthering that compelling governmental interest.'" *Holt v. Hobbs*, 135 S. Ct. 853, 860, 190 L. Ed. 2d 747 (2015) (quoting 42 U.S.C. §§ 2000bb–1(a), (b)). However, the RFRA is not applicable to the states or their subdivisions. *See id*. ("In making RFRA applicable to the States and their subdivisions, Congress relied on Section 5 of the Fourteenth Amendment, but in *City of Boerne v. Flores*, 521

[2] The Frist Claim does not use the term marijuana, but it is clear from the claim, as well as the other claims, that the "prescribed (incorrectly stated as "proscribed" in the Amended Complaint) medical treatment" to which Plaintiff refers is medical marijuana.

U.S. 507, 117 S.Ct. 2157, 138 L.Ed.2d 624 (1997), this Court held that RFRA exceeded Congress' powers under that provision."). Accordingly, the first eight claims fail as matter of law to the extent they are based on the RFRA and are dismissed without leave to amend.[3] *See*, *Lepp v. Gonzales*, 2005 WL 1867723, at *5 (N.D. Cal. Aug. 2, 2005) aff'd sub nom; *Harris v. Mukasey*, 265 F. App'x 461 (9th Cir. 2008) ("Because RFRA does not apply to Lake County or to Sheriff Mitchell, neither can be held liable for violating RFRA.").

***C. 42 U.S.C. § 2000cc***

Plaintiff alleges violations of Title 42 U.S.C. § 2000cc-1, or the Religious Land Use and Institutionalized Persons Act ("RLUIPA"). The RLUIPA "alleviates exceptional government-created burdens on private religious exercise." *Cutter v. Wilkinson*, 544 U.S. 709, 125 S.Ct. 2113, 2121 (2005). In order to state a claim for relief, Plaintiff would need to assert that the jail's restriction against the use of marijuana "constitute[d] a substantial burden on the exercise of his religious beliefs." *Warsoldier v. Woodford*, 418 F.3d 989, 994 (9th Cir. 2005).

The only religion referenced in the Amended Complaint is that of "Christian Fundamentalist." Plaintiff does not express that the use of marijuana was for spiritual purposes related to his "Christian Fundamentalist" beliefs alone, or that the use of marijuana is related to his exercise of "Christian Fundamentalism." Indeed, a majority of the claims in the Amended Complaint are related to the medicinal use of marijuana. "To survive a motion to dismiss on [his] RLUIPA claim, [Plaintiff] must allege facts plausibly showing that the challenged policy and the practices it engenders impose a substantial burden on the exercise of their religious beliefs." *Hartmann v. California Dep't of Corr. & Rehab.*, 707 F.3d 1114, 1125 (9th Cir. 2013). Plaintiff has failed to allege that the restriction of the use of marijuana somehow constitutes a "substantial burden" on his exercise of "Christian Fundamentalism." Instead, Plaintiff styles this as a discrimination claim, not simply based on religion, but based on his "Moorish ancestry; skin color; long dred locked [sic] styled hair; religious beliefs as a Christian Fundamentalist; status as a disenfranchised American; and/or because of plaintiff's medical condition." Amend. Comp. (Doc.

[3] The court would note that Plaintiff withdrew the RFRA claims in his proposed second amended complaint. *See* (Doc. 33-1).

24) at 11. Accordingly, the first eight claims to the extent they are brought pursuant to 42 U.S.C. § 2000cc are dismissed. For the reasons stated below, the dismissal will be without leave to amend.

***D. 42 U.S.C. §§ 1981, 1983, 1985 & 1986***

***1. Section 1981***

"§ 1981, originally § 1 of the Civil Rights Act of 1866, 14 Stat. 27, has a specific function: It protects the equal right of '[a]ll persons within the jurisdiction of the United States' to 'make and enforce contracts' without respect to race." *Domino's Pizza, Inc. v. McDonald*, 546 U.S. 470, 474 (2006) (quoting 42 U.S.C. § 1981). Plaintiff makes no allegations of a contract between himself and any other party to this matter. Based on the facts of this case, Plaintiff would be unable to state a claim based on § 1981. Accordingly, the first eight claims to the extent they are brought pursuant to 42 U.S.C. § 1981 are dismissed with prejudice.

***2. Section 1983***

To state a claim under 42 U.S.C. § 1983, Plaintiff must allege that a right secured by the Constitution or laws of the United States was violated, and that the violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). In the first eight claims, Plaintiff alleges that Defendants violated three rights secured by the United States Constitution: (1) the Eighth Amendment's prohibition against cruel and unusual punishment; (2) the Fourteenth Amendment's prohibition against discrimination; and (3) the First Amendment's right to the free exercise of religion.

As this court has previously informed Plaintiff regarding his claims of violations of the Eighth Amendment related to the denial of the use of medical marijuana:

> "[T]here is no constitutional right to demand jail officials to provide Plaintiff with the medicine of his choosing [,]" including medical marijuana. *Thomas v. United States*, 2010 U.S. Dist. LEXIS 36942, ——6–7 (S .D. Cal. Apr. 13, 2010) (granting motion to dismiss deliberate indifference claim based on denial of medical marijuana to inmate where inmate did not allege prison officials had failed to offer him any other medication); *Smith v. California State Prison*, 2011 U.S. Dist. LEXIS 130603, *12, 2011 WL 5511074 (E.D. Cal. Nov. 10, 2011) (allegation by inmate that he was denied use of medical marijuana does not state a claim under federal law, as "it is well established that mere differences of opinion between a prisoner and prison staff as to the proper course of treatment for a medical condition does not give rise to a § 1983 claim"); *Morris v. Schwarzenegger*, 2010

> U.S. Dist. LEXIS 87695, *3, 2010 WL 3369365 (S.D. Cal. Aug. 25, 2010) (denial of medical marijuana in state prison does not rise to level of Eighth Amendment violation); *see also Harris*, 2011 U.S. Dist. LEXIS 46792, *19 (N. D. Cal. May 2, 2011) (granting summary judgment on deliberate indifference claim because, inter alia, evidence demonstrated that officials had offered Harris alternative pain relief, medication, physical therapy or exercise, but that patient rejected every option except marijuana).

*Harris v. Lake Cnty. Jail*, No. C-11-6209 NJV, 2012 WL 1355732, at *6 (N.D. Cal. Apr. 18, 2012).

As this court has previously informed Plaintiff of his claims of violations of the Fourteenth Amendment related to the denial of the use of medical marijuana:

> To state a claim for discrimination in violation of the Equal Protection Clause of the Fourteenth Amendment, Plaintiff must allege that Defendants "acted with an intent or purpose to discriminate against [him] based upon membership in a protected class." *Id.* (quoting *Barren v. Harrington*, 152 F.3d 1193 (9th Cir.1998)
> . . .
> [I]t is apparent that no factual allegation in the [Amended] Complaint supports Plaintiff's claim that Defendants intentionally discriminated against him based on his religion or membership in any other protected class. Plaintiff does not allege that he was singled out by Defendants in any manner, that he was the only inmate who was denied access to medical marijuana, or that he was part of a discrete class of inmates that was denied access to medical marijuana. On the contrary, based on a fair reading of the [Amended] Complaint, Plaintiff alleges that Lake County Jail has a policy of not allowing any inmates to use medical marijuana [].

Id. at *8. "Even construed liberally, the Complaint fails to state a claim that Plaintiff's rights to equal protection under the Fourteenth Amendment were violated." *Id.*

As this court has previously informed Plaintiff of his claims of violations of the First Amendment related to the denial of the use of medical marijuana:

> The First Amendment guarantees the right to the free exercise of religion. *Cruz v. Beto*, 405 U.S. 319, 92 S.Ct. 1079, 31 L.Ed.2d 263 (1972). "The free exercise right, however, is necessarily limited by the fact of incarceration, and may be curtailed in order to achieve legitimate correctional goals or to maintain prison security." *O'Lone v. Estate of Shabazz*, 482 U.S. 342, 348, 107 S.Ct. 2400, 96 L.Ed.2d 282 (1987) (superseded on other grounds by statute, 42 U.S.C. §§ 2000cc, et seq.) In order to establish a free exercise violation, a prisoner must show that a defendant burdened the practice of his religion without any justification reasonably related to legitimate penological interests. *See Shakur v. Schriro*, 514 F.3d 878, 883–84 (9th Cir. 2008) (factual issues precluded summary judgment on plaintiff's claim that prison's refusal to provide kosher meat diet violated inmate's constitutional rights). Even if Harris could point to a burden in this instance, it is beyond question that correctional institutions have a legitimate penological interest in regulating marijuana as a controlled substance, an illicit drug, and/or as contraband in their facilities. Plaintiff does not state a First Amendment claim based on Defendants' refusal to allow marijuana use in the jail.

*Id.* at 9.

Accordingly, the § 1983 claims contained within the first eight claims are dismissed without leave to amend.

***3. Sections 1985 & 1986***

Plaintiff attempts to bring claims pursuant to 42 U.S.C. § 1985(3). "To bring a cause of action successfully under § 1985(3), a plaintiff must allege and prove four elements:

> (1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of this conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States."

*Sever v. Alaska Pulp Corp*., 978 F.2d 1529, 1536 (9th Cir. 1992) (citing *United Brotherhood of Carpenters and Joiners of America v. Scott*, 463 U.S. 825, 828–29, (1983)). As stated above, Plaintiff is unable to show that he was denied the equal protection of the law, or deprived of any right or privilege, to support a claim under § 1985. Moreover, the First Amended Complaint fails to properly allege any conspiracy. In addition, "absent a valid claim under § 1985, no cause of action can be asserted under § 1986." *Chen v. City of Medina, No*. C11-2119 TSZ, 2013 WL 129315, at *4 (W.D. Wash. Jan. 9, 2013) (citing *See Trerice v. Pedersen*, 769 F.2d 1398, 1403 (9th Cir.1985) ("[A] cause of action is not provided under 42 U.S.C. § 1986 absent a valid claim for relief under section 1985.").

Accordingly, the § 1985 and § 1986 claims contained within the first eight claims are dismissed without leave to amend.

***E. 42 U.S.C. § 2000d***

"Title VI, 42 U.S.C. § 2000d, [] prohibits racial discrimination in programs that receive federal funding." *Cholla Ready Mix, Inc. v. Civish*, 382 F.3d 969, 977 (9th Cir. 2004). Plaintiff makes no specific factual allegations supporting a claim that Defendants intentionally discriminated against him on the basis of race. *See e.g. Jianjun Xie v. Oakland Unified School Dist*., 2013 U.S. Dist. LEXIS 29898, *4 (N.D. Cal. 2013) (dismissing Section 2000d claim where plaintiff "provides no factual allegations that support [the] repeated conclusory claims that H.X.'s alleged mistreatment was on account of her race"); *Partida v. Page*, 2012 U.S. Dist. LEXIS 28064, *2 (E.D. Cal. 2012) (Section 2000d applies only to intentional racial discrimination).

Plaintiff alleges that he is an African American, but offers only conclusory claims that Defendants discriminated against him based on race. As the court stated above in regard to Plaintiff's claims regarding religious discrimination, it is apparent that no factual allegation in the First Amended Complaint supports Plaintiff's claim that Defendants intentionally discriminated against him based on his race or membership in any other protected class. Plaintiff does not allege that he was singled out by Defendants in any manner, that he was the only inmate who was denied access to medical marijuana, or that he was part of a discrete class of inmates that was denied access to medical marijuana. On the contrary, based on a fair reading of the First Amended Complaint, Plaintiff alleges that Lake County Jail has a policy of not allowing any inmates to use medical marijuana. Thus, the facts as alleged by Plaintiff are insufficient to state a claim pursuant to Section 2000d.

Accordingly, the 42 U.S.C. § 2000d claims contained within the first eight claims are dismissed. For the reasons stated below they will be dismissed without leave to amend.

***F. Civil Code §§ 51, §51.7, §52, §52(b) & § 1708***

Finally, Plaintiff brings these claims pursuant to California state law. Defendants seek dismissal of these claims based on Plaintiff's failure to comply with the provisions of the Government Tort Claims Act (GTCA), codified under California Government Code §§ 900 et. seq.

> Under this Act, a party seeking to recover money damages from a public entity must first submit a claim to the public entity no later than six months after the cause of action accrued. *See* Cal. Gov't Code §§ 905, 911.2; *Ovando v. City of Los Angeles*, 92 F. Supp. 2d 1011, 1021 (C.D. Cal. 2000). Further, a plaintiff must allege either compliance with the GTCA or circumstances excusing such compliance. *See e.g. Garcia v. Adams*, 2006 WL 403838, *8 (E.D.Cal. Feb.17, 2006); *State of California v. Superior Court* (Bodde), 32 Cal.4th 1234, 1245, 13 Cal.Rptr.3d 534, 90 P.3d 116 (2004). Failure to do so will result in dismissal of the claim. *Grillo v. State of California*, 2006 WL 335340 *11 (N.D. Cal. 2006).

*Stephen H. v. W. Contra Costa Cty. Unified Sch. Dist*., No. C 06-06655TEH, 2007 WL 1557482, at *2 (N.D. Cal. May 29, 2007). "Here, Plaintiff['s] complaint is silent with respect to either compliance or circumstances excusing compliance with the GTCA, and thus dismissal of these claims is in order." *Id*. For the reasons stated below, these claims will be dismissed without leave to amend.

United States District Court
Northern District of California

### *G. The Motion to Amend*

Plaintiff seeks to amend the First Amended Complaint. Defendants oppose such an amendment arguing that "[i]t appears that plaintiff has determined that the best strategy to be used in his quest repeatedly and incessantly somehow to secure approval of his personal desire to use marijuana at the Lake County jail is merely to respond to every motion designed to secure a ruling on plaintiff's allegations by filing a 'new' complaint reiterating the previous allegations." CFMG Defs.' Resp. (Doc 36). In the Motion to Amend, Plaintiff "asserts that the facts of the case provide a showing that defendants under color of authority, knowing [sic] acted from April 10, 2005, the date plaintiff first informed defendants of his medical needs; to plaintiff's release from custody on January 16, 2015, to deny plaintiff access to and the use of proscribed [sic] pain treatment and proscribed [sic] pain medication." Mot. to Amend (Doc. 33) at 10 (emphasis in original). Plaintiff does not set forth a sufficient basis for another amendment.

The court has reviewed the proposed second amended complaint. The proposed amendment would not cure the defects resulting in the dismissal of the first eight claims of the Amended Complaint, nor would they materially alter the surviving claims. The proposed amendment would only serve to unnecessarily delay this case, frustrate the interests of judicial economy, and prejudice the Defendants' ability to defend this action. Because the court has reviewed the proposed amended complaint, Plaintiff has had essentially three chances to cure any defects. It is clear that no amount of opportunity to amend would result in any of these eight claims going forward. Accordingly, the Motion to Amend is denied and no future amendments will be allowed.

## III. CONCLUSION

For the reasons stated above it is ORDERED as follows:

(1) the Motion to Dismiss is GRANTED; the First through Eighth claims for relief of the First Amended Complaint are DISMISSED with prejudice;

(2) the Motion to Amend is DENIED;

(3) the Case Management Conference in this matter is set for March 8, 2016 at 2:00 p.m., all attendant deadlines are adjusted accordingly; and

United States District Court
Northern District of California

(4) County Defendants shall file their Answer to the First Amended Complaint on or before January 25, 2016.

**IT IS SO ORDERED**.

Dated: January 11, 2016

NANDOR J. VADAS
United States Magistrate Judge

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JAMES LA VELL HARRIS,
Plaintiff,

v.

LAKE COUNTY, et al.,
Defendants.

Case No. 15-cv-03117-NJV

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on January 11, 2016, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

James La Vell Harris
P.O. Box 552
Clearlake Park, CA (95424)

Dated: January 11, 2016

Susan Y. Soong
Clerk, United States District Court

By:______________________
Robert Illman, Deputy Clerk to the
Honorable NANDOR J. VADAS