UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

JAMES LA VELL HARRIS,
    Plaintiff,

v.

CALIFORNIA MEDICAL FORENSIC SERVICE, et al.,
    Defendants.

Case No. 15-cv-03117-NJV

**ORDER GRANTING MOTION FOR SUMMARY JUDGMENT**

Re: Dkt. No. 57

## I.    INTRODUCTION

Before the court is the Motion for Summary Judgment filed by Defendants California Forensic Medical Group, Inc. ("CFMG"), erroneously sued as California Medical Forensic Service, and its employees, Alisha Stottsberry and K.C. Grigsby. Defendants collectively move for summary judgment as to all of Plaintiff's remaining claims in the First Amended Complaint. Previously the court dismissed Defendants Lake County and Lake County Sheriff's Department pursuant to the Order on the Motion for Dismiss filed by Lake County and Lake County Sheriff's Department. (Doc. 41). This motion for summary judgment addresses all of the remaining causes of action against the remaining Defendants.

For the reasons that follow, the Motion for Summary Judgment is granted. Judgment will be entered in favor of Defendants.

## II.    VENUE AND JURISDICTION

Venue is proper in the Northern District of California because the events or omissions giving rise to the claims occurred in Lake County, which is located within the Northern District. *See* 28 U.S.C. §§ 4, 1391(b). This court has federal question jurisdiction over this action brought under 42 U.S.C. §§ 1981, 1983, 1985, 1986, 2000d, 2000bb, 2000cc, and 12132.

### III. LEGAL STANDARDS

A court "shall" grant summary judgment when the pleadings, discovery, and evidence show that there is "no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is material if it could affect the outcome of the action, and a dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The moving party bears both the initial burden of production as well as the ultimate burden of persuasion to demonstrate that no genuine dispute of material fact exists. *Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Cos., Inc.*, 210 F.3d 1099, 1102 (9th Cir. 2000). Once the moving party meets its initial burden, the nonmoving party is required "to go beyond the pleadings and by [its] own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986) (internal quotations and citations omitted); *see also* Fed. R. Civ. P. 56(c)(1). Courts considering summary judgment motions are required to view the evidence in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). If a reasonable jury could return a verdict in favor of the nonmoving party, summary judgment is inappropriate. *Liberty Lobby*, 477 U.S. at 248.

### IV. MATERAIL FACTS

On June 4, 2014, Plaintiff was incarcerated at the Lake County jail. First Amended Complaint (Doc. 24) p. 29. Prior to the actual incarceration, but while in custody, it was determined that Plaintiff was under the influence of marijuana and that he claimed low back pain as well as foot and wrist pain. (Declaration of Alisha Stottsberry, page 2, lines 8-12). Plaintiff was seen by the Lake County jail nurse and was cleared for incarceration. (Declaration of Alisha Stottsberry, page 2, lines 11-12). During the booking process, the booking personnel noted that Plaintiff had stated that he was not under the care of any physician but that Plaintiff did have an "anti-social personality disorder." (Declaration of Alisha Stottsberry, page 2, lines 3-6).

Plaintiff submitted a sick call request on June 24, 2014, reporting that he had been moved

from D pod to C pod and requested a "mechanical aide" so that he would not have to crawl in the pod. (Declaration of Alisha Stottsberry, page 2, lines 17-19). On June 26, 2014, a progress note recorded the request by Plaintiff for a "mechanical devise," which was reiterated on June 27, 2014. (Declaration of Alisha Stottsberry, page 2, lines 20-23).

On July 7, 2014 Plaintiff again requested a mechanical aide for use in the Lake County jail. In response to the July 7, 2014 sick call report, Defendant Stottsberry, R.N., spoke with Plaintiff at length regarding his medical history, the legitimacy of his physical complaints, and his prior lawsuits against these moving Defendants. (Declaration of Alisha Stottsberry, page 2, lines 24-28). Defendant Stottsberry reviewed Plaintiff's medical records, including a previous MRI report, and found that there was no new medical evidence showing any debilitating low back pain. (Declaration of Alisha Stottsberry, page 3, lines 9-15) Despite that finding, Defendant Stottsberry issued an order to allow Plaintiff to use a wheelchair. Defendant Stottsberry made that decision not on the basis of medical need, but as a "simple gesture" in hopes that it would stop Plaintff from crawling around on the floor on his knees in an effort to demonstrate a medical condition that did not exist. (Declaration of Alisha Stottsberry, page 4, lines 9-17).

Plaintiff also requested that Defendants provide him with medical marijuana during his 2014 incarceration, but that request was denied. (Declaration of Alisha Stottsberry, page 5, lines 12-15.).

### V.     DISCUSSION

#### A.     *Plaintiff's Claims Generally*

The First Amended Complaint contains twenty-two causes of action. The first eight causes of action were against the previously dismissed County Defendants. Causes nine through twenty-two pertain to CFMG, Defendant Stottsberry, and Defendant Grigsby. The First Amended Complaint is not a model of clarity. That is, each claim is titled "discrimination" and each and every claim alleges that the discrimination was in violation of "Civil Code §§ 51, §51.7, §52, §52.(b), Plaintiff's rights as secured by Civil Code §1708, Title 42 U.S.C. §§1981, §1983, §1985(3), §1986, §2000bb-1, §2000cc-1, §2000d-1 and those of Plaintiff's rights as secured by the ADA and the First, Eighth and Fourteenth Amendment to the United States Constitution." The

crux of Plaintiff's claims of discrimination is that he was denied the use of marijuana for either, or both, medical and spiritual purposes, and/or was denied the use of a wheelchair and a no-standing chrono, while he was incarcerated in the jail in Lake County from June 4, 2014, through January 16, 2015.  Plaintiff asserts as to all claims that the discrimination was based on Plaintiff's "Moorish ancestry; skin color; long dred locked [sic] style hair; religious beliefs as a Christian Fundamentalist; [and] status as a disenfranchised American."  *See* First Amended Complaint (Doc. 24).

### *B.     Collateral Estoppel*

Defendants request summary judgment on the basis of the doctrine of collateral estoppel. "Under this doctrine, a party is precluded from relitigating an issue if four requirements are met: (1) there was a full and fair opportunity to litigate the issue in the previous action; (2) the issue was actually litigated; (3) there was final judgment on the merits; and (4) the person against whom collateral estoppel is asserted was a party to or in privity with a party in the previous action." *Wolfson v. Brammer*, 616 F.3d 1045, 1064 (9th Cir. 2010) (citing *Kendall v. Visa U.S.A., Inc.*, 518 F.3d 1042, 1050 (9th Cir. 2008)).   Defendants assert that all four of these requirements are met through Plaintiff's previous cases and their decisions in this court.  *See Harris v. Lake Cty.*, No. 1:11-CV-06209-NJV, 2013 WL 183940 (N.D. Cal. Jan. 17, 2013) and *Harris v. Lake Cty. Jail*, No. C 09-3168 SI PR, 2011 WL 1642058 (N.D. Cal. May 2, 2011), aff'd sub nom. *Harris v. Howe*, 507 F. App'x 674 (9th Cir. 2013).

The issue of collateral estoppel was raised in *Harris v. Lake Cty.*, No. 1:11-CV-06209-NJV.  There the defendants had argued that Plaintiff's claims in 2009 precluded the same claims in 2011.  This court denied the request to dismiss the claims based on Collateral Estoppel because "no court has determined whether Harris had a medical condition in 2011 that required a wheelchair or no-standing chrono. While it has been determined that Harris did not suffer from such a condition in 2009, his condition could have changed in the intervening two years." *Harris v. Lake Cty. Jail*, No. C-11-6209 NJV, 2012 WL 1355732, at *4 (N.D. Cal. Apr. 18, 2012). Similarly, in the present case, Plaintiff has presented his old claims, but with regard to a new time period of incarceration.  Thus, Defendants' request for summary judgment on the basis of

4

1  Collateral Estoppel is denied.

### C.     Medical Marijuana

Defendants argue that they are entitled to summary judgment on all of Plaintiff's claims that are based on the denial of the use of medical marijuana while inside the Lake County jail, as Plaintiff "has no legal right under either State or Federal law to possess and use marijuana in a jail setting." Def.'s Mot. (Doc. 57-1) at 11.  Indeed, as the Honorable District Judge Alsup informed Plaintiff in another of his cases regarding the denial of the use of marijuana in the jail, "no plausible federal claim can be drawn from plaintiff's allegations regarding the denial of his requests to use marijuana, which is illegal under the federal Controlled Substances Act.  As the undersigned judge recently affirmed: 'It is a longstanding maxim of law that [n]o court will lend its aid to a party who founds his claim for redress upon an illegal act.' *Smith v. City of Berkeley*, No. 15–04227, 2015 WL 9269964 at *2 (N.D. Cal. December 21, 2015)(internal quotation omitted)." *Harris v. Lake County, et al*, 15cv5580-WHA, (Doc. 10) at 2.  Thus, Defendants are entitled to summary judgment as to all of Plaintiff's federal claims predicated on the use of marijuana in the jail.

### D.     Wheel Chair and no-standing

Defendants argue that they are entitled to summary judgment as to Plaintiff's claims based on his requests for use of a wheel chair and a no standing chrono.  As stated above, Plaintiff predicates his claims on numerous federal and state statutes.  Defendants have moved for summary judgment as to each basis for Plaintiff's claims.  The court will address each basis in turn.

#### 1.     The ADA

Defendants argue that they are entitled to summary judgment as to Plaintiff's claims under the ADA because Plaintiff's requests for a wheelchair were granted and because Plaintiff has failed to establish that he requested a "no standing" chrono, was in need of such a chrono, or that the denial of the chrono was based on discriminatory intent.  Plaintiff argues that Defendants denial "of a wheelchair and a no-standing chrono were effects of defendants' deliberate indifference to plaintiff's medicinal and spiritual need for marijuana." Pl.'s Resp. (Doc. 58) at 7.

5

"Inadequate medical care does not provide a basis for an ADA claim unless medical services are withheld *by reason* of a disability." *Marlor v. Madison Cty., Idaho*, 50 F. App'x 872, 873 (9th Cir. 2002). Plaintiff's allegations for the reasons he did not receive the wheelchair or the no-standing chrono are not based on disability, but because of a "blanket exclusion" of marijuana in the jail. Resp. (Doc. 58) at 7. Moreover, Defendants have offered non-discriminatory reasons for not providing the no-standing chrono and assert that Plaintiff was given a wheelchair. Plaintiff has failed to rebut these assertions. Thus, Defendants are entitled to summary judgment as to Plaintiff's ADA claims.

### *2.    The RFRA*

Defendants move for summary judgment as to all of Plaintiff's claims under the Religious Freedom and Restoration Act ("RFRA"), 42 U.S.C. § 2000bb. "RFRA provides that '[g]overnment shall not substantially burden a person's exercise of religion even if the burden results from a rule of general applicability,' unless the government 'demonstrates that application of the burden to the person—(1) is in furtherance of a compelling governmental interest; and (2) is the least restrictive means of furthering that compelling governmental interest.'" *Holt v. Hobbs*, 135 S. Ct. 853, 860 (2015) (quoting 42 U.S.C. §§ 2000bb–1(a), (b)). Defendants assert that these claims fail as a matter of law. The court agrees. GFMG and its employees are contracted to provide medical services to the jail by the County of Lake. They are not covered by the RFRA in their status as a private entity because they are not a government. In addition, they are not covered by the RFRA in their status as a contractor with the County because the RFRA is not applicable to the states or their subdivisions. *See id.* ("In making RFRA applicable to the States and their subdivisions, Congress relied on Section 5 of the Fourteenth Amendment, but in *City of Boerne v. Flores*, 521 U.S. 507, 117 S.Ct. 2157, 138 L.Ed.2d 624 (1997), this Court held that RFRA exceeded Congress' powers under that provision."); *see also Lepp v. Gonzales*, 2005 WL 1867723, at *5 (N.D. Cal. Aug. 2, 2005) aff'd sub nom; *Harris v. Mukasey*, 265 F. App'x 461 (9th Cir. 2008) ("Because RFRA does not apply to Lake County or to Sheriff Mitchell, neither can be held liable for violating RFRA."). Thus, Defendants are entitled to summary judgment as to Plaintiff's claims under the RFRA.

### 3. The RLUIPA

Defendants move for summary judgment as to all of Plaintiff's claims under Title 42 U.S.C. § 2000cc-1, or the Religious Land Use and Institutionalized Persons Act ("RLUIPA"). The RLUIPA "alleviates exceptional government-created burdens on private religious exercise." *Cutter v. Wilkinson*, 544 U.S. 709, 125 S.Ct. 2113, 2121 (2005). In order to establish a claim for relief, Plaintiff would need to assert that the jail's failure to provide a no-standing chrono or a wheelchair "constitute[d] a substantial burden on the exercise of his religious beliefs." *Warsoldier v. Woodford*, 418 F.3d 989, 994 (9th Cir. 2005). All of Plaintiff's claims regarding the exercise of religion are premised on the denial of his use of marijuana, not the denial of the no-standing chrono or a wheelchair. Even considering the marijuana, the only religion referenced in the Amended Complaint is that of "Christian Fundamentalist." Plaintiff does not assert that the use of marijuana was for spiritual purposes related to his "Christian Fundamentalist" beliefs alone, or that the use of marijuana is related to his exercise of "Christian Fundamentalism." Moreover, Plaintiff fails to articulate how the restriction by the County of Lake as to marijuana would constitute a "substantial burden" on the exercise of his "Christian Fundamentalist" beliefs, or how CFMG or its employees, as medical services providers, could be held liable for the County of Lake's restrictions on the use of marijuana for religious purposes. Thus, Defendants are entitled to summary judgment as to all of Plaintiff's claims under RLUIPA.

### 4. 42 U.S.C. § 2000d

Defendants move for summary judgment as to all of Plaintff's claims brought pursuant to 42 U.S.C. § 2000d. "Title VI, 42 U.S.C. § 2000d, [] prohibits racial discrimination in programs that receive federal funding." *Cholla Ready Mix, Inc. v. Civish*, 382 F.3d 969, 977 (9th Cir. 2004). Defendants assert that the provision of a wheelchair or a no-standing chrono are not "programs" within the meaning of the act and that Plaintiff cannot established that the denial of the wheelchair (which Defendants contest) or the no-standing chrono were based on race. Without determining whether Plaintiff has established a "program" for the applicability of this act, or even the federal funding requirement, the court finds that Plaintiff has failed to establish that the denials were based on race. Defendants have asserted that Plaintiff's request for a wheelchair was granted and

7

1  that Plaintiff never requested a no-stranding chrono.  Moreover, Defendants assert that in this

2  instance, as with the prior instances of Plaintiff's stays at the Lake County jail, there was no

3  medical need for either of these things.

4  In *Rashdan v. Geissberger*, 764 F.3d 1179 (9th Cir. 2014), the Court of Appeals for the

5  Ninth Circuit held that the *McDonnell Douglas burden shifting and order presentation analysis of*

6  *Title VII claims applied to Title VI.  Id. at 1182.  Under that analysis,*

> First, the plaintiff has the burden of proving by the preponderance of the evidence a prima facie case of discrimination.  Second, if the plaintiff succeeds in proving the prima facie case, the burden shifts to the defendant to articulate some legitimate, nondiscriminatory reason for the employee's rejection.  Third, should the defendant carry this burden, the plaintiff must then have an opportunity to prove by a preponderance of the evidence that the legitimate reasons offered by the defendant were not its true reasons, but were a pretext for discrimination.

12  *Id*. (quoting *Tex. Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 252–53 (1981).  Even assuming

13  that Plaintiff could establish a *prima facie* case of racial discrimination, which he has not, Plaintiff

14  has failed to put forth any evidence to show that the reasons articulated by Defendants for the

15  denial of the no-standing chrono, and their assertion that he was given a wheelchair, are pretext.

16  Thus, Defendants are entitled to summary judgment as to all of Plaintiff's claims brought pursuant

17  to 42 U.S.C. § 2000d.

### 5. *42 U.S.C. §§ 1981, 1983, 1985 & 1986*

#### a. Section 1981

20  Defendants move for summary judgment as to all of Plaintiff's claims brought pursuant to

21  42 U.S.C. § 1981 on the basis that there is no contract between the parties.  "§ 1981, originally § 1

22  of the Civil Rights Act of 1866, 14 Stat. 27, has a specific function: It protects the equal right of

23  '[a]ll persons within the jurisdiction of the United States' to 'make and enforce contracts' without

24  respect to race*."  Domino's Pizza, Inc. v. McDonald*, 546 U.S. 470, 474 (2006) (quoting 42 U.S.C.

25  § 1981).  The First Amended Complaint makes no allegations of a contract between Plaintiff and

26  any other party to this matter.  Instead, this action revolves around Plaintiff's time in custody in

27  the Lake County jail.  Thus, Defendants are entitled to summary judgment as to all of Plaintiff's

28  claims based on § 1981.

### b. Section 1983

Defendants move for summary judgment as to all of Plaintiff's claims based on § 1983. To set forth a claim under 42 U.S.C. § 1983, Plaintiff must allege that a right secured by the Constitution or laws of the United States was violated, and that the violation was committed by a person acting under the color of state law. *West v. Atkins,* 487 U.S. 42, 48 (1988). Plaintiff alleges that Defendants violated three rights secured by the United States Constitution: (1) the Eighth Amendment's prohibition against cruel and unusual punishment; (2) the Fourteenth Amendment's prohibition against discrimination; and (3) the First Amendment's right to the free exercise of religion.

Plaintiff's First Amendment claims are necessarily related to the use of marijuana and religion. For the reasons stated above in sections C, D2, and D3, Defendants are entitled to summary judgment as to all of Plaintiff's claims based on the First Amendment.[1]

As to Plaintiff's claims brought pursuant to the Eighth Amendment, deliberate indifference to a prisoner's serious medical needs amounts to cruel and unusual punishment prohibited by the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). A prison official violates the Eighth Amendment only when two requirements are met: (1) the deprivation alleged is,

---

[1] As this court has frequently informed Plaintiff:

> The First Amendment guarantees the right to the free exercise of religion. *Cruz v. Beto*, 405 U.S. 319, 92 S.Ct. 1079, 31 L.Ed.2d 263 (1972). "The free exercise right, however, is necessarily limited by the fact of incarceration, and may be curtailed in order to achieve legitimate correctional goals or to maintain prison security." *O'Lone v. Estate of Shabazz*, 482 U.S. 342, 348, 107 S.Ct. 2400, 96 L.Ed.2d 282 (1987) (superseded on other grounds by statute, 42 U.S.C. §§ 2000cc, et seq.) In order to establish a free exercise violation, a prisoner must show that a defendant burdened the practice of his religion without any justification reasonably related to legitimate penological interests. *See Shakur v. Schriro*, 514 F.3d 878, 883–84 (9th Cir. 2008) (factual issues precluded summary judgment on plaintiff's claim that prison's refusal to provide kosher meat diet violated inmate's constitutional rights). Even if Harris could point to a burden in this instance, it is beyond question that correctional institutions have a legitimate penological interest in regulating marijuana as a controlled substance, an illicit drug, and/or as contraband in their facilities. Plaintiff does not state a First Amendment claim based on Defendants' refusal to allow marijuana use in the jail.

*Harris v. Lake Cnty. Jail*, No. C-11-6209 NJV, 2012 WL 1355732, at *6 (N.D. Cal. Apr. 18, 2012).

9

objectively, sufficiently serious, and (2) the official is, subjectively, deliberately indifferent to the inmate's health or safety. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Defendants argue that Plaintiff is unable to show a deliberate indifference because he cannot show that "the chosen course of treatment was medically unacceptable under the circumstances, and was chosen in conscious disregard of an excessive risk to the prisoner's health." *Toguchi v. Chung*, 391 F.3d 1051, 1058 (9th Cir. 2004) (internal quotations omitted). Defendants assert that their assessment of Plaintiff's medical needs were based on Dr. Levin and Defendant Stottsberry's review of Plaintiffs medical records, as well as Defendant Stottsberry's medical assessment of Plaintiff's condition and that the course of treatment was not deliberately indifferent to Plaintiff's medical needs. Moreover, Defendants assert that Plaintiff is unable to even show the existence of a serious medical condition that was ignored.

Plaintiff has offered nothing in response other than his own conclusory statements to the contrary. As with all of Plaintiff's previous cases that made it to the summary judgment phase, Plaintiff "has not met his burden of showing that there exists a triable issue of fact that would allow a reasonable fact-finder to conclude that he had a serious medical need." *Harris, No*. 1:11-CV-06209-NJV, 2013 WL 183940, at *5; *see also Harris*, No. C 09-3168 SI PR, 2011 WL 1642058, at *6 ("Nor is there a triable issue of fact . . . as there is an absence of evidence that defendants acted with the deliberate indifference necessary for an Eighth Amendment claim.") aff'd *Harris*, 507 F. App'x at 675 ("The district court properly granted summary judgment because Harris failed to raise a genuine dispute of material fact as to whether he had a serious medical need, or whether defendants were deliberately indifferent to his health by not providing him with medical marijuana, a wheelchair, or a "no standing" chrono."). Thus, Defendants are entitled to summary judgment as to all of Plaintiff's § 1983 claims.

*c.     Sections 1985 & 1986*

Defendants move for summary judgment as to all of Plaintiff's claims brought pursuant to §§ 1985 & 1986, arguing that Plaintiff has failed to allege or show a conspiracy. "To bring a cause of action successfully under § 1985(3), a plaintiff must allege and prove four elements:

//

> (1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of this conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States."

*Sever v. Alaska Pulp Corp.*, 978 F.2d 1529, 1536 (9th Cir. 1992) (citing *United Brotherhood of Carpenters and Joiners of America v. Scott*, 463 U.S. 825, 828–29, (1983)). The First Amended Complaint is void of conspiracy allegations, and so is Plaintiff's Response. Based on the above rulings, Plaintiff has also fallen short of meeting the second requirement to establishing a § 1985 claim. Thus, Defendants are entitled to summary judgment as to all of Plaintiff's § 1985 claims.

Further, "a cause of action is not provided under 42 U.S.C. § 1986 absent a valid claim for relief under section 1985." *Trerice v. Pedersen*, 769 F.2d 1398, 1403 (9th Cir.1985); *see also Chen v. City of Medina, No*. C11-2119 TSZ, 2013 WL 129315, at *4 (W.D. Wash. Jan. 9, 2013) ("[A]sent a valid claim under § 1985, no cause of action can be asserted under § 1986."). Thus, Defendants are entitled to summary judgment as to all of Plaintiff's § 1986 claims.

### 6.   *California Government Tort Claims Act*

Defendants move for summary judgment as to all of Plaintiff's claims brought pursuant to the Government Tort Claims Act ("GTCA") because Defendants are not government employees and because Plaintiff has failed to comply with the claims provisions of the GTCA prior to filing this action.

> Under [the GTCA], a party seeking to recover money damages from a public entity must first submit a claim to the public entity no later than six months after the cause of action accrued. *See* Cal. Gov't Code §§ 905, 911.2; *Ovando v. City of Los Angeles*, 92 F. Supp. 2d 1011, 1021 (C.D. Cal. 2000). Further, a plaintiff must allege either compliance with the GTCA or circumstances excusing such compliance. *See e.g. Garcia v. Adams*, 2006 WL 403838, *8 (E.D.Cal. Feb.17, 2006); *State of California v. Superior Court* (Bodde), 32 Cal.4th 1234, 1245, 13 Cal.Rptr.3d 534, 90 P.3d 116 (2004). Failure to do so will result in dismissal of the claim. *Grillo v. State of California*, 2006 WL 335340 *11 (N.D. Cal. 2006).

*Stephen H. v. W. Contra Costa Cty. Unified Sch. Dist*., No. C 06-06655TEH, 2007 WL 1557482, at *2 (N.D. Cal. May 29, 2007). Here Plaintiff has failed to establish that CFMG or its employees are subject to the GTCA and even if he could, Plaintiff has failed to establish compliance with the Act. Plaintiff concedes this point by failing to address it in his Response. Thus, Defendants are entitled to summary judgment as to all of Plaintiff's claims brought pursuant to the GTCA. *See*

*e.g. Stephen H. v. W. Contra Costa Cty. Unified Sch. Dist.*, No. C 06-06655TEH, 2007 WL 1557482, at *2 (N.D. Cal. May 29, 2007) ("Plaintiff['s] complaint is silent with respect to either compliance or circumstances excusing compliance with the GTCA, and thus dismissal of these claims is in order.").

## VI.     CONCLUSION

Accordingly, and for the reasons stated above, it is ORDERED that the Motion for Summary Judgment is GRANTED.

A separate judgment will issue.

**IT IS SO ORDERED**.

Dated: September 28, 2016

_____
NANDOR J. VADAS
United States Magistrate Judge

|   |   |
|---|---|
| 1 |   |
| 2 | UNITED STATES DISTRICT COURT |
| 3 | NORTHERN DISTRICT OF CALIFORNIA |

JAMES LA VELL HARRIS,

    Plaintiff,

  v.

CALIFORNIA MEDICAL FORENSIC SERVICE, et al.,

    Defendants.

Case No. 15-cv-03117-NJV

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee of the U.S. District Court, Northern District of California.

That on September 28, 2016, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

James La Vell Harris
P.O. Box 552
Clearlake Park, CA (95424)

Dated: September 28, 2016

Susan Y. Soong
Clerk, United States District Court

By: /s/ Robert Illman
Robert Illman, Law Clerk to the
Honorable NANDOR J. VADAS